**FILED - GR**
April 3, 2026 12:16 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: MKC  SCANNED BY ___ 4/3/26

**1:26-cv-1104**
Paul L. Maloney- U.S. District Judge
Maarten Vermaat - Magistrate Judge

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SUSAN C. MARTIN, pro se  Plaintiff,                     Case No.:

v.                                                     Judge:

LILLIAN HENNESS, in her individual and official capacities as Community Manager of Springview Tower, KMG PRESTIGE, INC., SPRINGVIEW TOWER ASSOCIATES LDHA, LP (d/b/a Springview Tower / Ginosko Development), and GINOSKO DEVELOPMENT COMPANY,   **Jointly** and **Severally**                     Defendants.

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES
**(Jury Trial Demanded)**

PLAINTIFF'S CONTACT INFORMATION Susan C. Martin c/o Ervin Joseph LaMie, Power of Attorney 231 Springview Drive, Apt. 911 Battle Creek, MI 49037 Phone: (269) 627-4998 (as provided in tenancy records) Email: (as listed in documents) susangather@gmail.com

Ervin Joseph LaMie (Power of Attorney Holder and Authorized Representative) P.O. Box 191 Muskegon, MI 49443 Phone: 616-834-8912 Email: josephla50@yahoo.com

DEFENDANTS' CONTACT INFORMATION

1. Lillian Henness, Community Manager Springview Tower 231 Springview Dr. Battle Creek, MI 49037 Phone: (269) 968-9105 Fax: 989-400-4925 Email: lillian.henness@kmgprestige.com

2. KMG Prestige, Inc. (Property Management Company) 19500 Victor Parkway, Suite 520 Livonia, MI 48152 Phone: (248) 352-8835 Email: questions@kmgprestige.com

3. Springview Tower Associates LDHA, LP (d/b/a Springview Tower) c/o Property Manager 231 Springview Dr. Battle Creek, MI 49037 Phone: (269) 968-9105

4. Ginosko Development Company (Owner/Developer) 41800 West 11 Mile Road, Suite 209 Novi, MI 48375 Email: info@ginoskoonline.com

INTRODUCTION

5. Plaintiff Susan C. Martin is an elderly survivor of domestic violence, human trafficking, and abuse, protected under the Violence Against Women Act (VAWA), 34 U.S.C. § 12491 et seq., and the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq.

1

6. Ervin Joseph LaMie holds Plaintiff's Power of Attorney over all financial and living-location matters. He is the person who conducted all email communications with Defendant Lillian Henness and the company on Plaintiff's behalf. Mr. LaMie repeatedly requested the complete tenant file, ledger, and related documents so that he could complete a forensic audit of payments (including the $700 security deposit that was never properly accounted for). Every email, document, and response was promptly forwarded by Mr. LaMie to Plaintiff Susan C. Martin so that she was completely informed and consented to all actions taken to protect her housing.

7. Despite accepting all rent payments and promising to secure VAWA vouchers, Defendants have harassed Plaintiff with a selective eviction notice, refused to produce the full file, and failed to deliver the housing assistance they were duty-bound to pursue.

8. This action seeks to enjoin the unlawful eviction, compel production of records, enforce the vouchers, and award damages to protect Plaintiff's right to safe, stable housing.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 3613.

10. Venue is proper because the property is located in Battle Creek, Calhoun County, Michigan.

## FACTUAL ALLEGATIONS

11. Plaintiff is a VAWA-protected survivor (see attached Un-Silenced letters dated October 2025).

12. Defendants accepted all rent payments via money orders for October 2025 through January 2026 (and continuing) and a $700 security deposit, thereby acquiescing to the prior lease terms.

13. On or about March 2026, Defendants issued a selective 30-day Notice to Quit (effective April 17, 2026) for alleged failure to complete a lease addendum/recertification – a requirement not imposed equally on all tenants.

14. Despite repeated written requests by Ervin Joseph LaMie (November 2025 and later), Defendant Henness and KMG Prestige refused to produce the complete tenant file, ledger, and recertification documents, blocking the forensic audit of the $700 deposit and other charges.

2

15. Defendants promised to follow up on and secure VAWA vouchers/assistance for Plaintiff but failed and neglected to do so, leaving her at risk of homelessness.

16. Ervin Joseph LaMie, as Plaintiff's Power of Attorney, sent multiple emails to Defendant Henness demanding the complete tenant file for the forensic audit. Despite prior agreements, Defendants refused to produce it. All such communications were forwarded to Plaintiff so she remained fully informed.

**CLAIMS FOR RELIEF**

**COUNT I – Violation of the Fair Housing Act (42 U.S.C. § 3604)**

17. Defendants' actions discriminate on the basis of sex (VAWA survivor status) and constitute retaliation, making housing unavailable and interfering with Plaintiff's rights.

18. Defendants' selective enforcement of the eviction notice and refusal to secure promised vouchers violate the FHA.

**COUNT II – Violation of VAWA Housing Protections (34 U.S.C. § 12491 et seq., enforceable via FHA)**

19. Defendants violated VAWA by retaliating against Plaintiff, failing to provide confidentiality and assistance with vouchers, and threatening eviction based on her survivor status.

20. Defendants had a duty to assist with recertification and voucher processing but instead issued threats and withheld records.

**COUNT III – Retaliation and Selective Enforcement (42 U.S.C. § 3617)**

21. Defendants retaliated against Plaintiff for exercising her VAWA rights and for requesting records through her Power of Attorney.

22. The selective 30-day notice and refusal to honor accepted payments constitute unlawful retaliation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a temporary restraining order and preliminary/permanent injunction stopping the eviction and requiring immediate voucher processing and full file production;

3

B. Enter declaratory judgment that the prior lease terms remain in effect due to acceptance of payments;

C. Award compensatory and punitive damages;

D. Award attorney fees and costs under 42 U.S.C. § 3613(c); and

E. Grant any other relief the Court deems just and proper.

Dated:*March 30*, 2026

Respectfully submitted,

*Susan Martin*

Susan C. Martin (Pro Se) c/o Ervin Joseph LaMie, Power of Attorney 231 Springview Drive, Apt. 911 Battle Creek, MI 49037 Phone: (269) 627-4998 Email: susangather@gmail.com

4



FROM:

231 Springview Drive
Battle Creek MI
        49037

Retail

U.S. POSTAGE PAID
FCM LG ENV
BATTLE CREEK, MI 49016
MAR 31, 2026

49503

$14.44

RDC 99

S2324D502195-50

9589 0710 5270 3106 2205 39

TO:

Clerk, U.S. District Court
110 Michigan Street N.W.
Grand Rapids, MI 49503